HEARD NOVEMBER TERM, 1873.

## BROWN *vs.* KIRKPATRICK.

Where the answer admits the allegations of the complaint and pleads a counter claim, and the reply alleges special circumstances negativing the allegations of the counter claim, defendant is entitled, at the trial, to open and close the case.

The question, as to who is entitled to the opening and closing of the case, under Rule 69 of the Circuit Court, must be determined wholly on the pleadings as they stand at the commencement of the trial.

Error in allowing the plaintiff to open and close is ground for new trial.

BEFORE GRAHAM, J., AT CHARLESTON, DECEMBER TERM, 1873.

Action upon a money demand. When the case came on for trial, defendants moved that they be allowed to open and reply. The motion was denied and defendants excepted.

The verdict was for the plaintiff, and defendants appealed.

*Memminger,* for appellants.

*Harllee,* contra.

April 20, 1874. The opinion of the Court was delivered by

WILLARD, A. J. Rule 69 of the Circuit Court Rules allows the defendant to have the opening and closing of the case " when he admits the plaintiff's case and takes upon himself the burthen of proof." In the present case the defendants admitted the matters stated in the complaint, and relied wholly on matters set forth by way of counter claim. This would appear to be the very case contemplated by the rule. It is contended, however, that inasmuch as the facts stated, by way of counter claim, were such as to demand proof from the plaintiff, in order to controvert the same, that the defendant is not entitled to the benefit of the rule.

The question as to who was entitled to the opening and closing of the case must be determined wholly on the pleadings as they stood at the commencement of the trial. Then it was that the error was committed, if committed at all, and the ruling of the Circuit Judge must be tested by them alone. The facts subsequently developed cannot be permitted to influence the question.

It is clear that the rule as to opening and closing should be plain and simple in its application. It ought not to be encumbered with nice considerations growing out of the character of the evidence

necessary to be adduced, nor on speculative views of the course of proof likely to be pursued by the respective parties. In other words, it is to be determined by the nature of the issues, rather than by the character of the evidence called for in their support by the respective parties.

What, then, was the nature of the issues involved in the present case? The complaint is upon a money demand for the proceeds of the sale of certain goods, sold by the defendants for the account of the plaintiffs upon commission. Every fact and circumstance alleged by the complaint is admitted. The defendants, by way of counter claim, allege that at the time when the proceeds of such sales were received by them the plaintiff was indebted to them in an amount in excess of the proceeds of sale, and they set forth the grounds of such previous indebtedness, which appear by the pleadings to have no connection with the transaction relating to the consignment and sale of the goods mentioned in the complaint. The basis of the indebtedness set forth by the counter claim consists of certain sums of money advanced at various times by defendants to plaintiff, which, as is claimed by the defendants, were properly chargeable as such by them against the plaintiff. On the other hand, the plaintiff, in his reply to the counter claim, contends that these sums were paid to him by the defendants for the account of a copartnership, of which one of the defendants had formerly been a member, on account of a debt due to the plaintiff from such copartnership.

Had it appeared by the pleadings that the advances made by the defendants were in fact payments made subsequent to the receipt of the proceeds of sale on account of such proceeds received, it might be that the construction would have to be regarded as merely equivalent to denial of so much of the complaint as alleges that the proceeds of sale had been received by the defendants and not accounted for, and therefore not strictly and properly matter suitable for a counter claim, but such a state of facts does not appear. On the contrary, the indebtedness alleged by the defendants as existing at the time of the receipt of the proceeds of sale appears to be a matter entirely foreign to the transactions set forth by the complaint, and proper to put forth by way of counter claim.

As it regards the pleadings, then, the issue to be tried is raised upon a demand for money paid to and for the use of the plaintiff, by the defendants, controverted by special circumstances that

amount merely to a negative of the matters alleged by the defend-ants. The fact that the moneys in question were paid on account of a third party is only of importance as negativing defendants' allegation that they were paid on plaintiff's account, and is in the nature of a general issue.

The issue tried being raised by the plaintiff's denial of matters stated by way of counter claim, it is clearly a case where, under the rule, the defendants have the opening and closing of the case.

Under this view the Circuit Judge was in error in allowing the plaintiff to open and close, and, under the decisions of the Courts of this State, holding that such ruling is ground for alleging error, we are bound to order a new trial.

A new trial should be granted.

*Moses*, C. J., and *Wright*, A. J., concurred.